Brady, J.
The judgment obtained in this action, with accumulations of interest, amounts to a sum exceeding $20,000. The sureties on the appeal to this court justify in $36,000, which is not double the amount of the judg *370 ment and interest; and the defendant Britton swears that lie is worth $50,000 over and above all his debts ; and that the defendant Binninger is “possessed of large wealth.” This would seem to be ample security for the judgment, but the defendants will be enabled to sell all their real estate, if - the judgment be marked secured on appeal, and an ordinary business vicissitude would sweep away the balance of their estate. The latter observation applies to the sureties, who are gentlemen engaged in mercantile pursuits, and subject to the revolutions in trade and fluctuations in values which absorb large sums of money. It cannot be said that substituting such securities for liens upon real estate gives perfect security to the judgment creditors, which is the design of the law; and, unless the substituted security approximates to the one existing, it ought not to be accepted. The legislature intended, it is true, that the appellant should have all the advantages of an appeal which would be a presentation to and consideration of his case by the full bench in all the courts by which it could be heard, and immunity from the burden of the judgment ad interim ; but they left the latter advantage to the discretion of the courts, inasmuch as the payment of the judgment might be jeopardized unless such discretion was carefully exercised for the protection of the creditor. There is greater safety in a multitude of sureties, considering the vast changes of fortune which distinguish business life, and that multitude approximates more to the value of a lien on real estate than a few sureties. The doctrine of chances is decidedly in favor of a creditor who has seve: al sureties for his claim.
The order to be made, therefore, on the motion, will be:—
Motion granted, on the defendants furnishing two sure-reties who will justify in $30,000 each, in addition to those who have signed the undertaking, upon executing a specific lien upon them real estate, or having a specific lien executed on real estate sufficient in value,—that is $30,000, —to protect the plaintiffs to the amount of them claim, and interest and costs.